UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SCOTT O. BARROWS and JUDY L.
BARROWS,

    Plaintiffs,
v.                         Case No. 8:14-cv-2121-T-33TGW

BANK OF AMERICA, N.A,

    Defendant.
_____/

**ORDER**

This matter is before the Court pursuant to pro se Plaintiffs Scott Barrows and Judy Barrows' Application for Entry of Default, Default Judgment and Supporting Affidavit (Doc. # 5), which was filed on September 24, 2014. The Court denies the Motion for the reasons that follow.

**Discussion**

Plaintiffs initiated this action against Defendant Bank of America, N.A., on August 28, 2014 (Doc. # 1) and submit that they effected service of process on Defendant on September 3, 2014. (Doc. # 5). Each of the Plaintiffs have filed an affidavit attesting to service of process on Defendant via certified mail. (<u>Id.</u>). However, Rule 4 of the Federal Rules of Civil Procedure, which outlines the requirements for effecting service of process, requires that service be accomplished by a non-party.

The Rule specifies, "Any person who is at least 18 years old and not a party may serve a summons and complaint." Fed. R. Civ. P. 4(c)(2); see also Constien v. United States, 628 F.3d 1207, 1215 (10th Cir. 2010)("Even when service is effected by use of the mail, only a nonparty can place the summons and complaint in the mail."); Lechner v. Citimortgage, Inc., No. 4:09-cv-302, 2009 U.S. Dist. LEXIS 65836, at *6 (N.D. Tex. July 29, 2009)("service was defective because it was sent by Plaintiffs personally [and] Rule 4(c)(2) requires that service be made by [a]ny person who is at least 18 years old *and not a party.*")(emphasis in original); Walker v. Pharm. Research & Mfgs. of Am., 569 F. Supp. 2d 209, 214 (D.D.C. 2008)("an examination of the plaintiff's returns of service reveals that plaintiff has not properly effected service of process [because] the returns . . . state that the plaintiff herself sent the summons and complaint by certified mail.").

The Court accordingly denies Plaintiffs' application for entry of a Clerk's Default and directs that Plaintiffs comply with Rule 4 of the Federal Rules of Civil Procedure in further efforts to accomplish service of the summons and the complaint on Defendant.  In addition, the Court reminds Plaintiffs, who are proceeding pro se, that the deadline for effecting service is 120 days from the date the complaint was filed pursuant to

2

Rule 4(m), Fed. R. Civ. P., and once service has been accomplished, Plaintiffs are required to file proof of service in accordance with Rule 4(l), Fed. R. Civ. P.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

Plaintiffs Scott Barrows and Judy Barrows' Application for Entry of Default, Default Judgment and Supporting Affidavit (Doc. # 5) is **DENIED.**

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 24th day of September, 2014.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All parties of record