```
                  UNITED STATES DISTRICT COURT
                   MIDDLE DISTRICT OF FLORIDA
                         TAMPA DIVISION
```

SCOTT O. BARROWS and
JUDY L. BARROWS,

        Plaintiffs,

v.                                   Case No. 8:14-cv-2121-T-33TGW

BANK OF AMERICA, NA,

        Defendant.
_____/

**ORDER**

This cause is before the Court pursuant to Defendant Bank of America's Motion to Dismiss filed on October 15, 2014. (Doc. # 13). Pro Se Plaintiffs, Scott and Judy Barrows ("the Barrowses"), did not file a response in opposition to the Motion. Upon due consideration, and for the reasons stated below, the Court grants Bank of America's Motion.

**I.   Background**

On August 28, 2014, the Barrowses initiated an action against Bank of America requesting declaratory judgment and quiet title. (Doc. # 1). Subsequently, on September 26, 2014, the Barrowses filed a return of service alleging that Bank of America had been properly served. (Doc. # 8). On October 3, 2014, Bank of America filed a status report with this Court stating that, although Bank of America was not served in

accordance with the Federal Rules, it was willing to waive service of process. (Doc. # 11 at 2). Thereafter, on October 15, 2014, Bank of America filed the present Motion (Doc. # 13), arguing that: (1) Barrowses fail to state a claim to quiet title; (2) Barrowses fail to state a claim for a declaratory judgment; and (3) the precedent cited by the Barrowses provides no support for their claims. (Id.).

## II. Legal Standard

On a motion to dismiss, this Court accepts as true all of the factual allegations in the complaint and construes them in the light most favorable to the plaintiff. Jackson v. Bellsouth Telecomms., 372 F.3d 1250, 1262 (11th Cir. 2004). Further, this Court favors the plaintiff with all reasonable inferences from the allegations in the complaint. Stephens v. Dep't of Health & Human Servs., 901 F.2d 1571, 1573 (11th Cir. 1990) ("On a motion to dismiss, the facts stated in [the] complaint and all reasonable inferences therefrom are taken as true.").

However, the Supreme Court explains that:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to

2

> raise a right to relief above the speculative level.

Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)(internal citations omitted). Further, courts are not "bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986).

**III. Analysis**

From the Court's review of the Complaint, it appears the dispute between the parties is premised on declaratory judgment and quiet title. The Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332;[1] therefore, state substantive law applies. Under Florida law, in order to state a claim for quiet title, the Barrowses must establish: "(1) the plaintiff's valid title; (2) the manner which the plaintiff obtained the title; (3) the basis upon which the defendant asserts an interest on the title, and (4) the invalidity of the defendant's interest in the property." Stark v. Frayer, 67 So. 2d 237, 239 (Fla. 1953). "A claim for quiet title in Florida 'must not only show title in the

---

[1] In sufficiently establishing diversity jurisdiction, the Barrowses have alleged that they are citizens of Florida and Bank of America has its principal place of business in a state other than Florida. (Doc. # 1 at ¶¶ 1-3). Furthermore, Scott and Judy Barrows have adequately alleged that the amount in controversy in this action exceeds the jurisdictional threshold of $75,000. (Id. at ¶ 4).

plaintiff to the lands in controversy, but also that a cloud exists, before relief can be given against it.'" Lane v. Guar. Bank, 552 F. App'x 934, 936 (11th Cir. 2014)(quoting Stark v. Frayer, 67 So. 2d 237, 239 (Fla. 1953)).

It is Bank of America's position that the Barrowses have failed to state a claim upon which relief can be granted as they have failed to set forth sufficient facts to support their claims. (Doc. # 13). This Court recognizes that Bank of America's obligations and defenses to the Barrowses arise under the note and mortgage to the subject property, which are not attachments to the Complaint, and Rule 8 of the Federal Rules of Civil Procedure requires that a complaint contain only sufficient factual matter, that when accepted as true, "state[s] a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

Accepting the Barrowses allegations as true and construing them in the light most favorable to the Barrowses, the Complaint fails to set forth sufficient facts to plausibly show that Bank of America's interest in the property was invalid, and that the underlying mortgage or assignment was a cloud on the Barrowses title. The Barrowses allege that they "purchased their property on July 27, 1999 and encumbered the same with Whitney Bank as the original lender in excess

4

of $620,000.00 and a current balance claimed by Defendant is $520,000.000." (Doc. # 1 at ¶ 4). Thereafter, Bank of America's successors sold the mortgage and note to Washington Mutual Mortgage Pass Through Certificates, WMALT Series 2005-4, "thus converting the note and mortgage to a trust and shares of stock which are owned by shareholders of the trust." (Id. at ¶¶ 5, 8). The Barrowses contend that Bank of America is not in possession of the original mortgage and note, and therefore, it is not the party entitled to enforce the mortgage and note. (Id. at ¶ 9).

The Barrowses center their quiet title claim on the failure of Bank of America to respond to their "notarial presentment" for proof of the validity of the mortgage and assignment. (Doc. # 1 at ¶ 10). Bank of America's failure to respond to the Barrowses unilateral demand, however, is legally insufficient to create a cloud on their title. Lane, 552 F. App'x at 936. The Barrowses offer their own unsupported, subjective belief that the failure to respond rendered the mortgage and assignment invalid. (Doc. # 1 at ¶ 12). This subjective belief, however, does not rise to the level of stating a claim that is "plausible on its face." Iqbal, 556 U.S. at 678. Because Bank of America's failure to respond does not render the mortgage and assignment invalid

5

or create a cloud on the Barrowses title, this Court concludes that the Barrowses have failed to state a claim upon which relief can be granted.

Upon due consideration of the well-pleaded allegations of Scott and Judy Barrows' Complaint, which the Court must accept as true at this point in time, the Court determines that it is appropriate to grant Bank of America's 12(b)(6) Motion.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Defendant Bank of America's Motion to Dismiss for failure to state a claim (Doc. # 13) is **GRANTED.**

(2) Plaintiffs have until and including November 21, 2014 to file an Amended Complaint. If the Pro Se Plaintiffs fail to file an Amended Complaint by November 21, 2014, the Clerk is directed to close this case.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 4th day of November, 2014.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All Counsel and Parties of Record

6