UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SCOTT O. BARROWS and
JUDY L. BARROWS,

              Plaintiffs,

v.                         Case No. 8:14-cv-2121-T-33TGW

BANK OF AMERICA, NA,

              Defendant.
_____/

**ORDER**

This cause is before the Court pursuant to Defendant Bank of America's Motion to Dismiss Amended Complaint filed on December 5, 2014. (Doc. # 26). Pro Se Plaintiffs, Scott and Judy Barrows ("the Barrowses"), did not file a response in opposition to the Motion. Upon due consideration, and for the reasons stated below, the Court grants Bank of America's Motion.

**I.**   **Background**

On August 28, 2014, the Barrowses initiated an action against Bank of America, which this Court construes to request declaratory judgment and quiet title. (Doc. # 1). Subsequently, on September 26, 2014, the Barrowses filed a return of service alleging that Bank of America had been properly served. (Doc. # 8). On October 3, 2014, Bank of

America filed a status report with this Court stating that, although Bank of America was not served in accordance with the Federal Rules, it was willing to waive service of process. (Doc. # 11 at 2). Thereafter, on October 15, 2014, Bank of America filed a Motion to Dismiss the Complaint (Doc. # 13), arguing that: (1) the Barrowses fail to state a claim to quiet title, (2) the Barrowses fail to state a claim for a declaratory judgment, and (3) the precedent cited by the Barrowses provides no support for their claims. (Id.).

On November 4, 2014, this Court granted Bank of America's Motion and provided the Barrowses leave to file an Amended Complaint on or before November 21, 2014. (Doc. # 16). On November 20, 2014, the Barrowses filed their Amended Complaint. (Doc. # 24). Thereafter, on December 5, 2014, Bank of America filed the present Motion pursuant to Federal Rule of Civil Procedure 12(b)(6), which is ripe for this Court's review.

## II.  **Legal Standard**

On a motion to dismiss, this Court accepts as true all of the factual allegations in the complaint and construes them in the light most favorable to the plaintiff. Jackson v. Bellsouth Telecomms., 372 F.3d 1250, 1262 (11th Cir. 2004). Further, this Court favors the plaintiff with all reasonable

inferences from the allegations in the complaint.  <u>Stephens</u> <u>v. Dep't of Health & Human Servs.</u>, 901 F.2d 1571, 1573 (11th Cir. 1990) ("On a motion to dismiss, the facts stated in [the] complaint and all reasonable inferences therefrom are taken as true.").

However, the Supreme Court explains that:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.  Factual allegations must be enough to raise a right to relief above the speculative level.

<u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007)(internal citations omitted). Further, courts are not "bound to accept as true a legal conclusion couched as a factual allegation." <u>Papasan v. Allain</u>, 478 U.S. 265, 286 (1986).

## III.  <u>Analysis</u>

From the Court's review of the Amended Complaint this Court construes the Barrowses allegations to be premised on declaratory judgment and quiet title. (<u>See</u> Doc. # 24). The Court has subject matter jurisdiction over this matter

pursuant to 28 U.S.C. § 1332;[1] therefore, state substantive law applies.

Under Florida law, in order to state a claim for quiet title, the Barrowses must establish: "(1) the plaintiff's valid title, (2) the manner which the plaintiff obtained the title, (3) the basis upon which the defendant asserts an interest on the title, and (4) the invalidity of the defendant's interest in the property." Stark v. Frayer, 67 So. 2d 237, 239 (Fla. 1953). "A claim for quiet title in Florida 'must not only show title in the plaintiff to the lands in controversy, but also that a cloud exists, before relief can be given against it.'" Lane v. Guar. Bank, 552 F. App'x 934, 936 (11th Cir. 2014)(quoting Stark, 67 So. 2d at 239).

It is Bank of America's position that the Barrowses have failed to state a claim upon which relief can be granted as they have failed to set forth sufficient facts to support their claims. (Doc. # 26 at 3). Specifically, Bank of America

---

[1] In sufficiently establishing diversity jurisdiction, the Barrowses have alleged that they are citizens of Florida and Bank of America has its principal place of business in a state other than Florida. (Doc. # 1 at ¶¶ 1-3). Furthermore, Scott and Judy Barrows have adequately alleged that the amount in controversy in this action exceeds the jurisdictional threshold of $75,000. (Id. at ¶ 4).

states that "Even though the plaintiffs removed the phrase 'quiet title' when they amended their pleadings, the Amended complaint still requests relief that amounts to quieting title." (Id.). Furthermore, Bank of America submits that the Barrowses continue to contend "that the mortgage is an adverse interest in the title of their property and that [Bank of America] should be required to prove their claim or be estopped from asserting it." (Id.). This Court agrees.

Accepting the Barrowses allegations as true and construing them in the light most favorable to the Barrowses, the Complaint fails to set forth sufficient facts to plausibly show that Bank of America's interest in the property was invalid and that the underlying mortgage or assignment was a cloud on the Barrowses title. In the Amended Complaint, the Barrowses allege that they "purchased their property on July 27, 1999[,] and encumbered the same with Whitney Bank as the original lender in excess of $620,000.00 and a current balance claimed by Defendant is $520,000.000." (Doc. # 24 at ¶ 5).

Thereafter, Barrowses argue that Bank of America's successors sold the mortgage and note to Washington Mutual Mortgage Pass Through Certificates, WMALT Series 2005-4, "thus converting the note and mortgage to a trust and shares of stock which are owned by shareholders of the trust." (Id.

at ¶¶ 7, 10). The Barrowses contend that Bank of America is not in possession of the original mortgage and note, and therefore, it is not the party entitled to enforce the mortgage and note. (Id. at ¶ 11).

The Barrowses center their quiet title claim on Bank of America continuing to demand payment of the note and "an actual and present need for a declaration of the validity of [Bank of America's] rights in [the Barrowses] property and assets." (Id. at ¶¶ 12, 13). Because Bank of America's actions do not render the mortgage and assignment invalid or create a cloud on the Barrowses title, this Court concludes that the Barrowses have failed to state a claim upon which relief can be granted.

Moreover, to state a claim for declaratory judgment, the Barrowses must show,

> (1) that there is an actual, bona fide, and present need for the declaration, (2) that the declaration deals with a present and ascertainable controversy, (3) that some right or privilege of the complaining party is dependent upon the facts or the law applicable to the facts, (4) that there is a person who has an adverse interest in the subject matter, (5) that all adverse parties are presently before the court, and (6) that the party seeks more than an advisory opinion.

(Doc. # 26 at 5-6); Trianon Condo. Ass'n, Inc. v. QBE Ins. Corp., 741 F. Supp. 2d 1327, 1331 (S.D. Fla. 2010). Bank of

America contends that "if, as here, a plaintiff fails to allege a valid cause of action regarding the subject matter of the claim, then no declaratory judgment is warranted or permitted on that issue." (Id. at 6); see Knights Armament Co. v. Optical Sys. Tech., Inc., 568 F. Supp. 2d 1369, 1375 (M.D. Fla. 2008) (finding that the plaintiff did not plead valid case or controversy regarding ownership of technology for night vision devices, and, thus, could not seek declaratory judgment).

Since this Court has found that the Barrowses have failed to state a cognizable cause of action for quiet title, it is apparent that the allegations in the Amended Complaint are speculative and do not amount to a present and ascertainable controversy. Therefore, the Barrowses have failed to state a cause of action for declaratory judgment.

This Court has no obligation to hypothesize federal claims, even considering the Barrowses *pro se* status. See Gibbs v. United States, 865 F. Supp. 2d 1127, 1151 (M.D. Fla. 2012). This Court notes that this is the second time in which the Barrowses have failed to file a response to Bank of America's Motion to Dismiss to the operative Complaint. "Courts are not allowed to act as *de facto* counsel or to rewrite a deficient pleading." Butler v. Broward County Cent.

Examining Bd., 367 Fed. Appx. 991, 992 (11th Cir. 2010)(unpublished); GJR Invs., Inc. v. County of Escambia, 132 F.3d 1359, 1369 (11th Cir. 1998). "Moreover, the legal parameters of a lawsuit cannot be expanded *sua sponte* by the district court." Id.

Upon due consideration of the well-pleaded allegations of Scott and Judy Barrows' Amended Complaint, which the Court must accept as true at this point in time, the Court determines that it is appropriate to grant Bank of America's 12(b)(6) Motion and dismiss this case.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Defendant Bank of America's Motion to Dismiss Amended Complaint (Doc. # 26) is **GRANTED**.

(2) This case is dismissed and the Clerk is directed to close this case.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 23rd day of December, 2014.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All Counsel and Parties of Record

8